**Harry BERNSTEIN et al., Appellants,**

v.

**CONNECTICUT HOUSE, INC., Appellee.**

No. 20842.

United States Court of Appeals
District of Columbia Circuit.

Argued June 5, 1967.

Decided June 23, 1967.

Petition for Rehearing En Banc
Denied Aug. 17, 1967.

Mr. James B. Goding, Washington, D. C., for appellants.

Mr. Denver H. Graham, Washington, D. C., with whom Mr. Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

FAHY, Senior Circuit Judge.

Appellants, husband and wife, sued Connecticut House, Inc., appellee, in the District Court, for damages for injuries they attributed to appellee's negligence. The injuries were claimed to have resulted from a fall by the husband when, as he approached the rear entrance of an apartment building operated by appellee, he slipped on ice in an area controlled by appellee. The case was tried before a jury. The jury found for appellee.

On appeal it is urged that the cross-examination of the husband as to damages prejudiced appellants' case on the issue of liability. The wife sought damages for loss of consortium of the husband. In cross-examining the husband, appellee was permitted, as relevant to the husband's credibility, to try to establish that the wife had been injured in an earlier and different accident, that the husband had claimed loss of her consortium, and that the period of these respective losses coincided.

■ It would serve no useful purpose for us to conclude on the record before us whether anything was thus established reflecting on the credibility of appellants —we incline to think not and that perhaps it would have been better had the effort not been permitted—[1] but we are clear the episode did not create such an atmosphere of prejudice as to influence the verdict of the jury on the issue of liability. There was ample evidence of a serious injury to the husband. The jury could hardly be said to have absolved appellee of liability for these injuries because of confusion or doubt concerning the claims for loss of consortium. The probing of this latter subject, designed to affect adversely the credibility of appellants, was not a sufficiently significant factor to warrant a holding that it influenced the jury to decide that the accident was not due to the negligence of appellee.

■■ Cases cited by appellants, illustrated by Caughman v. Washington Terminal Co., 120 U.S.App.D.C. 217, 345 F.2d 434, are not controlling. We do not question the principle that evidence of collateral compensation received by a plaintiff from one party, for injuries for which he or she is seeking to hold another party liable, might prejudice the latter claim.[2] Moreover, other types of evidence which, strictly speaking, relate

---

1. Our disposition of the case makes it unnecessary to pass upon the contention now urged by appellee that the cross-examination was proper to determine "the extent of consortium his wife actually lost."

2. The compensation received by appellants from another source was not compensation for the same injuries attributed to the accident on appellee's premises.

only to damages, might properly be excluded because in the context of the trial its value on the issue of damages is outweighed by its prejudicial effect on the issue of liability; but we are not presented here with such a situation; for assuming in this case that the cross-examination was not justified we are satisfied that the jury's verdict on the issue of liability rested upon an appraisal of the evidence with respect to that issue, rather than being tipped against appellants because of the cross-examination. Possible prejudice does not sufficiently emerge to justify reversal.

The further point addressed to cross-examination of the husband about the amount of loss due to his inability for a time to work as a pharmacist at the drugstore owned by him and his wife, is quite clearly removed from any impact on the issue of liability.

Affirmed.